[No. 83777-5.  En Banc.]
Considered April 29, 2010.     Decided May 6, 2010.

THE STATE OF WASHINGTON, *Respondent*, v. DAVID RAY LUCERO, *Petitioner*.

786

*Maureen M. Cyr* (of *Washington Appellate Project*), for petitioner.

*Mark K. Roe, Interim Prosecuting Attorney,* and *Charles F. Blackman, Deputy,* for respondent.

¶1 PER CURIAM — We previously granted David Lucero's petition for review of a Court of Appeals decision affirming his sentence for second degree assault, and we remanded to that court for reconsideration in light of our decision in *State v. Mendoza*, 165 Wn.2d 913, 205 P.3d 113 (2009). On remand, the Court of Appeals adhered to its original decision. Lucero again petitioned for review. Because *Mendoza* clearly controls the outcome in Lucero's favor, we grant review, reverse the Court of Appeals, and remand to the trial court for further proceedings.

¶2 A jury convicted Lucero of second degree assault. At sentencing, Lucero recited a standard sentencing range that was apparently based on the inclusion of a California burglary conviction in his offender score. He conceded that his offender score was at least six, which included the burglary conviction, arguing (unsuccessfully) only that a previous California conviction for possession of a controlled substance had "washed out." The trial court did not conduct a comparability analysis of the California convictions, and it imposed a standard range sentence based on an offender score of seven, which included the California convictions.

¶3 Lucero appealed to Division One of the Court of Appeals, asserting offender score error. The State acknowledged that there was a valid comparability issue with respect to the California burglary and controlled substance convictions, but it argued that Lucero waived any error by acknowledging his offender score and standard range. The Court of Appeals agreed, holding that Lucero affirmatively acknowledged the comparability of the California convictions when he argued that the possession conviction had washed out and acknowledged that, without counting that conviction, he would have an offender score that necessarily included the California burglary conviction. *State v. Lucero*, 140 Wn. App. 782, 788-89, 167 P.3d 1188 (2007) (*Lucero* I).

¶4 Lucero petitioned for review in this court, which deferred consideration of the petition pending the decision in *Mendoza*, 165 Wn.2d 913. After *Mendoza* became final, the court granted Lucero's petition for review on the of-

fender score issue and remanded to the Court of Appeals for reconsideration in light of *Mendoza*. *State v. Lucero*, 166 Wn.2d 1014, 212 P.3d 557 (2009).

¶5 On remand, the Court of Appeals essentially reissued its decision in *Lucero* I. *State v. Lucero*, 152 Wn. App. 287, 217 P.3d 369 (2009) (*Lucero* II). The only addition was a footnote acknowledging *Mendoza* but concluding that it did not control. *Id.* at 295 n.18. Lucero again petitioned for review.

¶6 In both *Lucero* I and *Lucero* II, the Court of Appeals declined to follow the decision of Division Two of the Court of Appeals in *State v. Jackson*, 129 Wn. App. 95, 117 P.3d 1182 (2005). In *Jackson*, the State conceded that remand was necessary to determine the comparability of an Oregon conviction that had been included in the defendant's offender score. The Court of Appeals noted that although the defendant failed to object at sentencing to the counting of the Oregon conviction, he did not affirmatively acknowledge that the Oregon conviction had properly been included in his offender score. *Id.* at 106. The court thus remanded to the trial court for a comparability determination. *Id.* at 108-09. In both *Lucero* I and *Lucero* II, the Court of Appeals criticized *Jackson* as "contrary to the most basic principles of judicial economy" because it encouraged dilatory trial tactics. *Lucero* I, 140 Wn. App. at 790; *Lucero* II, 152 Wn. App. at 296.

¶7 In *Mendoza* this court did not refer to *Jackson*, but our decision there is wholly consistent with *Jackson*. In *Mendoza*, the defendants did not affirmatively concede the State's calculated criminal histories, but they argued for sentences within the standard ranges dictated by those histories. We clarified that a defendant's mere failure to object to the State's assertion of criminal history is not an affirmative acknowledgment amounting to a waiver of criminal history sentencing error. *Mendoza*, 165 Wn.2d at 928-29. Absent such affirmative acknowledgment, the State must meet its burden of proving the defendant's criminal history by a preponderance of the evidence. *Id.* We

held that neither defendant in *Mendoza* affirmatively acknowledged the State's determination of criminal history. *Id*. at 929.

¶8 On remand, the Court of Appeals here attempted to distinguish *Mendoza* on the basis that Lucero waived his challenge to his criminal history by acknowledging his offender score. *Lucero II*, 152 Wn. App. at 295 n.18. But *Mendoza* is not so easily distinguished. Lucero did not "affirmatively acknowledge" that his California convictions were comparable to Washington crimes. At most, he acknowledged that without the challenged California drug possession conviction, his offender score would still include the California burglary conviction. That is not the "affirmative acknowledgment" of comparability that *Mendoza* requires.

¶9 The Court of Appeals is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.[1]