

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 SEP 15 AM 10: 28

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70701-9-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | |
| DAVID C. HINDAL, | ) ) | UNPUBLISHED OPINION |
| Appellant. | ) ) | FILED: September 15, 2014 |
| | ) | |

BECKER, J. — The mere fact that a jury sees a defendant wearing shackles does not mandate a mistrial. Appellant does not challenge the trial court's initial decision to order that he wear an Oregon boot. It was at his own request that he was placed in shackles. He has not demonstrated that the trial court abused its discretion by denying the motion for mistrial.

Appellant David Hindal was charged with one count of residential burglary. Hindal was tried to a jury from May 7, 2013, to May 10, 2013.

On May 6, 2013, Hindal did not object when jail personnel explained that it was their practice to bring criminal defendants to the courtroom in handcuffs and an "Oregon boot" and remove the handcuffs before the jury arrives.

On May 8, 2013, Hindal asked to be placed in ankle chains because the Oregon boot was causing him considerable discomfort. It is undisputed that the next day, he was wearing ankle shackles.

On May 9, 2013, Hindal testified in the defense case. Defense counsel became aware that Hindal's ankle shackles were visible to the jury and moved for a mistrial.

The court denied the motion:

> The record reflects that on the first day the trial was to start, or maybe it was the second day, before we brought the jury in, that Mr. Hindal refused to dress in civilian clothing, in fact at one point he came down in a smock and then later in jail clothes. The Court indicated to Mr. Hindal that it would be his choice as to whether to dress in civilian clothes, but it was in his interest to dress in civilian clothes when the jury was present, and the Court made special note of the fact that Mr. Hindal was dressed in jail sandals when he came down. He did thereafter dress in civilian clothes, except that he has apparently chosen to continue to wear jail sandals, so if the jury's been able to see his ankle bracelet, that would be a reason why. He's also made outbursts, despite the Court warning him that this would be unfavorably -- could be unfavorably received by the jury for him to make outbursts in court. He has made outbursts in court in the presence of at least juror, and I think the entire jury, that he is in custody, that he's been in custody. So if they have seen the ankle bracelet, they haven't seen anything that -- other than what Mr. Hindal has chosen voluntarily to provide them by way of information. The Court denies the motion for mistrial.

Hindal was convicted as charged on May 10, 2013.

Hindal argues that the trial court abused its discretion in denying his motion for mistrial "because the court underestimated, as a matter of law, the seriousness of the appearance of an accused in shackles at trial."

We review the denial of a motion for mistrial for an abuse of discretion. State v. Hopson, 113 Wn.2d 273, 284, 778 P.2d 1014 (1989). The question is whether the irregularity, viewed against the backdrop of all the evidence, so prejudiced the jury that the defendant was denied his right to a fair trial. State v. Escalona, 49 Wn. App. 251, 255, 742 P.2d 190 (1987). To determine whether

2

the irregularity so influenced the jury, a court considers (1) the seriousness of the claimed irregularity, (2) whether it was cumulative of other properly admitted evidence, and (3) whether it could be cured by an instruction to disregard the irregularity. Escalona, 49 Wn. App. at 255.

The claimed irregularity is that the jurors were able to see that Hindal was wearing ankle shackles. Hindal did not request a curative instruction. He argues that the irregularity was so serious that an instruction could not have cured the prejudice.

Shackling undermines the presumption of innocence. Shackles indicate to a jury that the defendant is dangerous. See State v. Finch, 137 Wn.2d 792, 844-46, 975 P.2d 967, cert. denied, 528 U.S. 922 (1999). An unjustified decision to shackle a defendant is presumptively prejudicial. State v. Clark, 143 Wn.2d 731, 774, 24 P.3d 1006, cert. denied, 534 U.S. 1000 (2001). However, Hindal does not assign error to the court's initial decision that it would be appropriate to have him wear an Oregon boot in the courtroom. Thus, the serious threshold question of whether it was appropriate to restrain Hindal's freedom of movement is not before us.

The mere fact that a jury sees an inmate wearing shackles does not mandate reversal. State v. Rodriguez, 146 Wn.2d 260, 270, 45 P.3d 541 (2002). If the shackles were visible, their effect was cumulative of the effect of Hindal's appearance in jail garb, which revealed that he was in custody. While shackles communicate dangerousness more strongly, the decision to wear ankle shackles—like the decision to wear jail garb—was Hindal's. He does not explain

3

why he should now be allowed to second-guess that decision. See Rodriguez, 146 Wn.2d at 271. Hindal has not demonstrated that the trial court abused its discretion by denying the motion for a mistrial.

Even assuming the decision to allow Hindal to appear in shackles was unjustified, a claim of unconstitutional shackling is subject to harmless error analysis. Clark, 143 Wn.2d at 775. Any error here was harmless. The evidence that Hindal committed residential burglary was so overwhelming that no rational conclusion other than guilt could be reached. See Clark, 143 Wn.2d at 775-77.

Hindal next argues that resentencing is required. On June 28, 2013, Hindal was sentenced to 63 months in prison. The trial court included a number of foreign convictions in calculating his offender score. Hindal did not object to his offender score at the sentencing hearing. Hindal contends that the trial court failed to determine if several California and Florida burglary convictions were sufficiently comparable to Washington crimes to be used in the calculation of his offender score. The State concedes that remand for resentencing is required. We accept the State's concession in light of State v. Lucero, 168 Wn.2d 785, 230 P.3d 165 (2010) (a defendant does not waive his right to a comparability analysis when he fails to object to an offender score based on foreign convictions).

Hindal filed a pro se statement of additional grounds for review pursuant to RAP 10.10. He claims the trial court impermissibly withheld information from the jury when it excluded testimony by a police officer that Hindal stated he was hearing voices on the night of the alleged burglary. He claims that his attorney did not thoroughly pursue a diminished capacity defense. He also claims his

4

Sixth Amendment rights were violated when he was prohibited from calling Jose Mendoza as a witness. Mendoza is the man who called 9-1-1 when he saw two men he could not identify in his neighbor's yard. None of these are grounds for further review.

We affirm the conviction and remand for resentencing.

Becker, J.

WE CONCUR: