IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36063-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CHRISTOPHER JOHN TROSPER, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Christopher John Trosper appeals his 2018 bail jumping sentence. The State concedes error. We accept this concession and remand for resentencing.

## FACTS

The State charged Christopher Trosper with one count of second degree assault and one count of bail jumping. A jury acquitted Mr. Trosper of the assault charge but convicted him of bail jumping.

At the sentencing hearing on May 21, 2018, the court determined that Mr. Trosper

had an offender score of 10, resulting in a standard range sentence of 51-60 months.  The

court imposed a prison-based drug offender sentencing alternative (DOSA) sentence of

27.75 months of incarceration and 27.75 months of community custody.  As a condition

of community custody, the court ordered Mr. Trosper to obtain a mental health evaluation

and comply with recommended treatment.  The court also imposed legal financial

obligations (LFOs), including a $200 criminal filing fee, $250 court-appointed expert fee,

and a $100 deoxyribonucleic acid (DNA) collection fee.

In determining Mr. Trosper's offender score, the court relied on the criminal

history prepared by the State, which included two Oregon convictions: a 2006 conviction

for VUCSA[1] possession and a 2001 conviction for unauthorized use of a motor vehicle.

Clerk's Papers at 63.  The State did not offer evidence to demonstrate that these Oregon

convictions were comparable to any Washington felony, and the court did not engage in a

comparability analysis on the record.  Mr. Trosper did not object to the criminal history

offered by the State.

Mr. Trosper's criminal history included several Washington convictions for

offenses committed on the same day.  On June 18, 2001, he was sentenced for a first

---

[1] Violation of Uniform Controlled Substances Act.

degree theft conviction and a first degree malicious mischief conviction that were both committed on March 23, 2001. On November 16, 1998, he was sentenced for two VUCSA possession convictions that were both committed on August 10, 1998. At the May 2018 sentencing hearing, Mr. Trosper did not object to the calculation of his offender score or contend that any of the offenses in his criminal history constituted the same criminal conduct for sentencing purposes.

ANALYSIS

On appeal, Mr. Trosper claims the sentencing court erred in calculating his offender score by failing to make a comparability analysis for the two out-of-state convictions and failing to make a "same criminal conduct" analysis for his prior convictions. He also challenges the imposition of the mental health community custody condition and contends the imposed LFOs should be struck because he is indigent. The State concedes remand for resentencing is necessary and we agree.

This court's review of an offender score calculation is de novo. *State v. Bergstrom*, 162 Wn.2d 87, 92, 169 P.3d 816 (2007). Illegal or erroneous sentences may be challenged for the first time on appeal, including challenges to an offender score calculation. *State v. Ford*, 137 Wn.2d 472, 484-85, 973 P.2d 452 (1999).

To property calculate a defendant's offender score, the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, requires that sentencing courts determine a

defendant's criminal history based on his or her prior convictions and the level of seriousness of the current offense. *State v. Wiley,* 124 Wn.2d 679, 682, 880 P.2d 983 (1994); RCW 9.94A.510. The SRA also requires that prior out-of-state convictions be classified "according to the comparable offense definitions and sentences provided by Washington law." RCW 9.94A.525(3).

A sentencing court begins its analysis of a defendant's foreign conviction by comparing the elements of the out-of-state offense to the most comparable Washington offense. *State v. Morley,* 134 Wn.2d 588, 605-06, 952 P.2d 167 (1998). In the event the offenses are not legally comparable, the court must engage in a factual comparability by determining whether the defendant's conduct in the underlying foreign conviction would have violated a Washington statute. *Id.* at 606. Classification of an out-of-state conviction is a mandatory step in the sentencing process. *Ford*, 137 Wn.2d at 483. Where the trial court fails to engage in the required comparability analysis, the reviewing court may remand to the superior court for a comparability analysis or perform the analysis itself where the record contains sufficient information to resolve the issue. *See In re Pers. Restraint of Canha*, 189 Wn.2d 359, 368, 402 P.3d 266 (2017).

Unless the defendant affirmatively acknowledges his criminal history, the State bears the burden of proving the existence of any prior convictions. *State v. Mendoza*, 165 Wn.2d 913, 920, 205 P.3d 113 (2009) (citing *In re Pers. Restraint of Cadwallader*,

155 Wn.2d 867, 876, 123 P.3d 456 (2005).  A defendant's mere agreement with the State's offender score calculation and the admission of the existence of an out-of-state conviction is insufficient to constitute an affirmative acknowledgment that a prior conviction is comparable, and a defendant's silence on the issue is not sufficient to constitute waiver.  *State v. Lucero*, 168 Wn.2d 785, 788-89, 230 P.3d 165 (2010); *Mendoza*, 165 Wn.2d at 928.

The parties agree that Mr. Trosper did not affirmatively acknowledge the criminal history or waive his right to challenge it on appeal.  Here, where the sentencing court erred by failing to conduct a necessary comparability analysis and the record is insufficient for this court to conduct the analysis, remand for a comparability analysis and resentencing is the proper remedy.  On remand, both parties may present additional evidence with respect to Mr. Trosper's prior convictions.  RCW 9.94A.530(2); *see also State v. Jones*, 182 Wn.2d 1, 10-11, 338 P.3d 278 (2014).

The State also agrees that it appears the sentencing court erred by imposing the LFOs and the challenged community custody condition, but contends these issues, along with the "same criminal conduct" argument, may properly be addressed at resentencing. We agree and decline to reach the remainder of Mr. Trosper's arguments, but instead direct the superior court to address these issues at the resentencing hearing.

No. 36063-6-III
*State v. Trosper*

CONCLUSION

The sentence is reversed and remanded for resentencing consistent with the terms

of this decision.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____, J.          _____, J.
Siddoway, J.                          Fearing, J.

6