IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 82702-2-I |
| Respondent, | |
| v. | DIVISION ONE |
| DAVID V. KANKAM, | UNPUBLISHED OPINION |
| Appellant. | |

SMITH, A.C.J. — A jury found David Kankam guilty of first degree robbery. The trial court sentenced him to 129 months, the low end of the standard range given his calculated offender score of 11. On appeal Kankam challenges that calculation, contending that the trial court failed to consider whether some of his prior convictions constituted the same criminal conduct and should not have been counted separately, as required by RCW 9.94A.525(5)(a)(i). He contends that if it had, his offender score standard range would be lower. Because Kankam's attorney not only failed to challenge the offender score calculation but explicitly referenced it in his presentence report, and because the court was entitled to rely on those representations, we affirm on this issue.

Kankam also challenges the trial court's imposition of supervision fees in his Judgement and Sentence when it had, in its oral ruling, said that it would waive any discretionary fees. The State concedes the error in light of State v. Bowman, 198 Wn.2d 609, 498 P.3d 478 (2021). We therefore reverse on this

Citations and pin cites are based on the Westlaw online version of the cited material.

issue with instructions to the trial court to strike the supervision fee language from the Judgement and Sentence.

FACTS

On June 26, 2020, David Kankam walked into Tobacco Town in Mill Creek, Washington. After the store's proprietor handed over the wrong type of pipe tobacco, Kankam became angry and violent. He struck the proprietor with his backpack, threw over displays, and took a number of lighters. When followed outside the store, he turned and renewed his attack, hitting the proprietor's face and head until, and after, the man fell to the ground. Kankam was charged with first degree robbery. A jury found him guilty on February 25, 2021.

The State's sentencing memorandum calculated Kankam's offender score at 11 and requested a sentence of 171 months, the high end of the standard range. The state calculated his score based on ten prior convictions, one of which counted as two points as a violent offense under RCW 9A.56.200. The State noted that Kankam's "score of 11 means that his sentencing range does not take into account all of his felony convictions." The State did not address in either its sentencing memorandum or at the sentencing hearing itself that three of Kankam's convictions (for possession of stolen property, theft, and residential burglary) were entered on December 3, 2004 and two others (for possession of stolen property and attempted robbery) occurred on October 13, 2006.

Counsel for Kankam did not contest the State's calculation of his offender score in either his pre-sentencing briefing or at the sentencing hearing. Instead,

Kankam's sentencing memorandum requested a downward departure based on the State's offender score calculation: "For a Robbery in the First-Degree conviction, Mr. Kankam's standard range sentence is 129-171 months at an offender score of 11. The Defense is requesting a sentence of 84 months, a downward departure from the sentencing guidelines." This was the Defense's only reference to Kankam's offender score calculation throughout the sentencing process. At no point in briefing or at the sentencing hearing was the issue brought to the court's attention by either the State or the Defense, and the Court did not raise the question independently.

The court denied Kankam's request for a downward departure and sentenced Kankam to the low end of the standard range: 129 months. At sentencing, the court confirmed its feelings about the appropriateness of this sentence independent from the standard range: "the Court is convinced that over ten years . . . is appropriate for this particular crime for this particular defendant." The court relied on the same criminal history presented by the State and assumed an offender score of 11.

Also at sentencing, the court stated on the record that it was "making a finding of indigency and waiving any non-mandatory fees and costs." Despite this, the judgment and sentence reviewed and submitted by the parties and signed by the court included language directing that Kankam "pay supervision fees as determined by [the Department of Corrections]." The language was

preprinted in the middle of a long paragraph as the sixth of eight listed conditions of community custody contained in the judgment and sentence form.

Kankam appeals.

## ANALYSIS
### Standard of Review

Generally, issues not raised in the trial court may not be raised for the first time on appeal. See RAP 2.5(a); State v. Ford, 137 Wn.2d 472, 477, 973 P.2d 452 (1999). RAP 2.5(a) is discretionary rather than an absolute bar to review, however, and "[i]n the context of sentencing, established case law holds that illegal or erroneous sentences may be challenged for the first time on appeal." Ford, 137 Wn.2d at 477. This is true even where the error is not, as RAP 2.5 would otherwise require, jurisdictional or constitutional. In re Pers. Restraint of Fleming, 129 Wn.2d 529, 532, 919 P.2d 66 (1996).

As a general matter, "[i]nterpretation of the [Sentencing Reform Act of 1981, ch. 9.94A RCW] is a question of law that we review de novo." State v. Jones, 172 Wn.2d 236, 242, 257 P.3d 616 (2011). Where the trial court has made a determination as to whether two or more criminal convictions are the "same criminal conduct" under RCW 9.94A.525, that determination is reviewed for abuse of discretion or misapplication of the law. State v. Graciano, 176 Wn.2d 531, 536, 295 P.3d 219 (2013). Under this standard, "where the record adequately supports either conclusion, the matter lies in the court's discretion. Whether the record 'supports' a particular conclusion, of course, may depend on who carries the burden of proof." Graciano, 176 Wn.2d at 538.

<u>Same Criminal Conduct Determination</u>

Kankam first contends that the trial court erred by failing to consider whether certain of his prior convictions constitute the same criminal conduct under RCW 9.94A.525(5)(a)(i). This statute directs that, when calculating an offender score, "[p]rior offenses which . . . encompass the same criminal conduct, shall be counted as one offense, the offense that yields the highest offender score." RCW 9.94A.525(5)(a)(i). "The current sentencing court shall determine with respect to other prior adult offenses for which sentences were served concurrently . . . whether those offenses shall be counted as one offense or as separate offenses using the 'same criminal conduct' analysis found in RCW 9.94A.589(1)(a)."[1] RCW 9.94A.525(5)(a)(i). "[I]f the court finds that they shall be counted as one offense, then the offense that yields the highest offender score shall be used." RCW 9.94A.525(5)(a)(i).

The sentencing court does not have discretion regarding whether to apply this test. <u>State v. Torngren</u>, 147 Wn. App. 556, 563, 196 P.3d 742 (2008) ("A sentencing court, again, must apply the same criminal conduct test to multiple prior convictions that a court has not already concluded amount to the same criminal conduct. RCW 9.94A.525(5)(a)(i). The court has no discretion on this." (emphasis omitted)), <u>abrogated on other grounds by</u> <u>Graciano</u>, 176 Wn.2d 531.

---

[1] RCW 9.94A.589(1) defines "same criminal conduct" as "two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim."

A defendant may, however, "waive any challenge to a miscalculated offender score by agreeing to that score (or to the criminal history on which the score is based) in a plea agreement or by other stipulation." In re Pers. Restraint of Goodwin, 146 Wn.2d 861, 873, 50 P.3d 618 (2002). Waiver cannot apply "where the alleged sentencing error is a legal error leading to excessive sentence," but can apply "where the alleged error involves an agreement to facts, later disputed, or where the alleged error involves a matter of trial court discretion." Goodwin, 146 Wn.2d at 873-74 (emphasis omitted).

In Goodwin, the Supreme Court specifically approved of the Court of Appeals opinion in State v. Nitsch.[2] 146 Wn.2d at 875. In Nitsch, the defendant argued for the first time on appeal that two of his prior crimes should have been counted as the same criminal conduct. 100 Wn. App. at 518-19. Nitsch had not remained silent on the issue of his offender score below but had "affirmatively alleged" the higher, miscalculated sentencing range in his presentence report. Id. at 522. While he had not explicitly stated an offender score, "his explicit statement of the range [was] inescapably an implicit assertion of his score, and also an implicit assertion that his crimes did not constitute the same criminal conduct." Id.

The court concluded that the Sentencing Reform Act "permits the sentencing court to rely on unchallenged facts and information." Id. at 521. As a result, by his statement, Nitsch failed to request an exercise of the court's

---

[2] 100 Wn. App. 512, 997 P.2d 1000, review denied, 141 Wn.2d 1030, 11 P.3d 827 (2000).

discretion and waived any further challenge to his offender score.  Id. at 524-25 ("[T]he trial court's failure to conduct such a review sua sponte cannot result in a sentence that is illegal.  The trial court thus should not be required, without invitation, to identify the presence or absence of the issue and rule thereon.").

Here, as in Nitsch, Kankam "affirmatively alleged" his standard range in written materials submitted to the trial court for review before his sentencing hearing.  He then asked for a downward departure based on that range.  Unlike Nitsch, in which the defendant did not affirmatively state his offender score but only his range, Kankam also explicitly referenced an offender score of 11.  In so doing, because the trial court appropriately relied upon his representations to infer that he was not challenging the calculation of his offender score, he waived his right to make that challenge on appeal.

Kankam contends that the statement in his sentencing memorandum did not constitute waiver by citing to State v. Lucero, 168 Wn.2d 785, 230 P.3d 165 (2010).  There, counsel for the defendant recited a range during his sentencing hearing "that was apparently based on the inclusion of a California burglary conviction in his offender score."  Lucero, 168 Wn.2d at 787.  The Supreme Court found that "mere failure to object to the State's assertion of criminal history is not an affirmative acknowledgment amounting to a waiver of criminal history sentencing error" and reversed."  Lucero, 168 Wn.2d at 788-89.

Lucero is distinguishable.  There, the issue was whether underlying out-of-state convictions were comparable to certain Washington crimes for purposes of

offender score calculation." Lucero, 168 Wn.2d at 789. Here, the issue is whether underlying crimes should have been counted as the "same criminal conduct." The key distinction between the two is what party bears the burden of proof. The State generally bears the burden to demonstrate past criminal record. State v. Mendoza, 165 Wn.2d 913, 920, 205 P.3d 113 (2009). But it is the *defendant*'s burden to demonstrate that prior offenses constitute the same criminal conduct. Graciano, 176 Wn.2d at 539. Therefore, Lucero does not control.

The trial court did not err by failing to conduct a same criminal conduct analysis.

### Legal Financial Obligations

Kankam also challenges the trial court's imposition in his judgment and sentence of community custody supervision fees, contrary to its oral ruling. The State concedes that these should be stricken, given the Supreme Court's recent decision in Bowman. As here, Bowman concerns a conflict between the trial court's oral ruling and its judgment and sentence; in the former, the court waived all non-mandatory fees, but the latter nonetheless imposed the supervision fees also imposed on Kankam. See Bowman, 198 Wn.2d at 629. The Court in Bowman found that "because 'supervision fees are waivable by the trial court, they are discretionary [legal financial obligations].' " 198 Wn.2d at 629 (quoting State v. Dillon, 12 Wn. App. 2d 133, 152, 456 P.3d 1199 (2018)). The Court agreed that the trial court had committed procedural error by imposing the

supervision fee where it had agreed to waive discretionary fees and it ordered the fee be stricken from the judgment and sentence. Bowman, 198 Wn.2d at 489-90. Similarly, the court erred by imposing supervision fees here.

We reverse in part and remand for the court to strike the supervision fees from Kankam's judgment and sentence.

Smith, A.C.J.

WE CONCUR:

Bowman, J.          Dwyer, J.