# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58689-4-II |
| Respondent, | |
| v. | |
| S.L., | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, P.J. – SL appeals his sentence for a custodial assault adjudication. The trial court's disposition was based on an offender score of 5. SL argues, and the State concedes, that the State failed to meet its burden of proving the prior adjudications used to calculate his offender score by a preponderance of the evidence.

We hold that the State failed to adequately prove SL's prior adjudications. Accordingly, we vacate the disposition order and remand for the trial court to resentence SL.

## FACTS

After a bench trial, the trial court found SL guilty of custodial assault arising from a May 2023 incident at Green Hill School, a juvenile correctional facility. The disposition hearing occurred in September 2023. The State alleged that SL's offender score was 5, resulting in a standard range of 15 to 36 weeks. However, the only proof regarding SL's prior adjudications was the statement of a probation counselor. Defense counsel acknowledged that the standard

range was 15 to 36 weeks, noting "there's [not] a whole lot more to say." Rep. of Proc. (RP) at 45.

The trial court disposition order sentenced SL to an institutional placement of 15 to 36 weeks, to be served consecutively to any other sentences he already was serving. SL appeals his sentence and offender score calculation.

ANALYSIS

SL argues, and the State concedes, that the State failed to prove his prior adjudications by a preponderance of the evidence during the disposition hearing. We agree.[1]

The trial court generally calculates an offender score by adding together the defendant's current offenses and prior convictions. RCW 9.94A.589(1)(a); *State v. Hunley*, 175 Wn.2d 901, 908-09, 287 P.3d 584 (2012). In determining the proper offender score, the trial court "may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing." RCW 9.94A.530(2); *see Hunley*, 175 Wn.2d at 909. We review a sentencing court's calculation of an offender score de novo. *State v. Bergstrom*, 162 Wn.2d 87, 92, 169 P.3d 816 (2007).

In order to establish a defendant's criminal history for sentencing purposes, the State must prove a defendant's prior convictions by a preponderance of the evidence. RCW 9.94A.500(1); *Hunley*, 175 Wn.2d at 909-10. A certified copy of the judgment is the best evidence of a prior conviction, but the State also may produce other comparable documents or transcripts from prior hearings to prove prior convictions. *Hunley*, 175 Wn.2d at 910.

---

[1] Because SL was sentenced to 15 to 36 weeks in September 2023, it is likely that he has served his sentence. That would make this appeal moot. However, the sentence was consecutive to other sentences that SL was serving. The record does not reflect the length of those other sentences. And the State does not argue that this appeal is moot.

However, "[b]are assertions, unsupported by evidence, do not satisfy the State's burden to prove the existence of a prior conviction." *Id.* As a result, a prosecutor's criminal history summary that is not supported by evidence is not the type of comparable document that can establish the existence of a prior conviction. *Id.* at 915, 917. Any sentence imposed using an offender score based only on a prosecutor's criminal history summary violates due process. *Id.* at 917.

Here, the only information the State provided to the trial court at sentencing was a criminal history summary from a probation counselor. The State produced no evidence supporting any of SL's prior adjudications. As a result, the State did not satisfy its burden of proving SL's prior adjudications by a preponderance of the evidence.

As noted above, the State can meet its burden of proof if the defendant admits or acknowledges their criminal history. RCW 9.94A.530(2). Here, SL's defense counsel did agree that the standard range disposition was 15 to 36 weeks. However, agreeing to a sentencing range does not equate to acknowledging the criminal history underlying the offender score. In *State v. Lucero,* the court reasoned that "a defendant's mere failure to object to the State's assertion of criminal history is not an affirmative acknowledgment amounting to a waiver of criminal history sentencing error." 168 Wn.2d 785, 788, 230 P.3d 165 (2010).

Because the State did not produce any evidence supporting SL's prior adjudications, we hold that the trial court erred in including SL's prior adjudications in his offender at the disposition hearing. The remedy is to remand for resentencing at which both parties will have the opportunity to present evidence of SL's prior adjudications. *Hunley*, 175 Wn.2d at 915-16.

## CONCLUSION

We vacate the disposition order and remand for the trial court to resentence SL.

No. 58689-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

GLASGOW, J.

PRICE, J.