IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31180-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HEATHER L. J. MERCADO, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — RCW 70.24.340(1)(c) authorizes a local health department to conduct human immunodeficiency virus (HIV) testing and counseling of a defendant found guilty of a drug offense if the court determines that the "related drug offense is one associated with the use of hypodermic needles." Heather Mercado claims the trial court erred when ordering her to submit to HIV testing because the court did not determine that she used a hypodermic needle to ingest the methamphetamine for which she was convicted of possessing. The State of Washington argues that the trial court need not find that the defendant actually used a hypodermic needle at the time of the crime as long as the drug ingested by the defendant is sometimes ingested by others with a hypodermic needle. Because the statute is ambiguous, we spend time deconstructing and interpreting the language of the statute. We agree with Mercado. We vacate the trial court's order for HIV testing and remand for further proceedings to determine if Heather Mercado's

possession of methamphetamine on May 10, 2012, entailed use of a hypodermic needle.

## FACTS

On May 10, 2012, police executed an arrest warrant for Joaquin Jaimes at an apartment in Walla Walla. Through an apartment window, police saw Heather Mercado preparing to smoke methamphetamine from a pipe. Police obtained a second warrant to search the apartment. Inside the apartment, police found Mercado's glass pipe, a baggie containing a golf ball sized amount of methamphetamine, and a black leather bag. Inside the black leather bag, police found a handgun, digital scales, and white T-shirts. One of the shirts appeared to have blood thereon.

## PROCEDURE

The State of Washington charged Heather Mercado with possession of a controlled substance and use of drug paraphernalia. Mercado pled guilty to possession of a controlled substance in violation of RCW 69.50.4013(1) in exchange for the State dismissing the drug paraphernalia charge and recommending a sentence of 30-days converted to community service.

Heather Mercado signed a "Statement of Defendant on Plea of Guilty." Clerk's Papers (CP) at 12. The State claims that Mercado's counsel prepared the statement, since the statement contains the name and address of defense counsel in the lower right margin. Someone crossed out most "[n]otification" paragraphs as inapplicable to Mercado, but checked paragraph 6(s) as applying. CP at 15. That paragraph reads, "If this crime

2

involves prostitution, or a drug offense associated with hypodermic needles, I will be required to undergo testing for human immunodeficiency (HIV/AIDS) virus." CP at 16. The paragraph repeats language from RCW 70.24.340(1)(c).

At Heather Mercado's change of plea hearing on July 16, 2012, the trial court asked Mercado whether she had read her plea statement before signing it and whether she understood the statement. Mercado answered yes to both questions. The trial court explained:

> THE COURT: Because this is a felony offense, a drug offense, you will lose your right to own, use or possess a firearm. You may not exercise that right unless it is restored to you by a court of competent jurisdiction.
> You will lose your right to vote.
> If you are receiving public assistance and sentenced to jail time, that public assistance may be suspended.
> You will be required to provide a biological sample for [deoxyribonucleic acid] DNA identification analysis, and pay a $100 collection fee.
> *You will be required to be tested for the* [acquired immune deficiency syndrome] *AIDS virus.*
> If it is determined this charge is a result of a drug or alcohol problem, you may be required to participate in a treatment program as part of your judgment and sentence.
> This conviction may affect your eligibility for State and federal foods stamps, welfare and education benefits.
> Do you understand these things?
> [MERCADO]: Yes.

Report of Proceedings at 5-6 (emphasis added).

The sentencing court ordered Heather Mercado to serve 240 hours of community service within 6 months. At paragraph 4.5 of the judgment and sentence, the court

3

ordered the Health Department to test Mercado for HIV as soon as possible and for

Mercado to fully cooperate in the testing. During the sentencing hearing, the State

presented no evidence that Heather Mercado used a hypodermic needle.

## LAW AND ANALYSIS

### *Invited Error*

Heather Mercado limits her appeal to a challenge of the court's order that she be

tested for HIV/AIDS. Before addressing the merits of her appeal, we must address the

State's request that this reviewing court refuse review because Mercado invited any error

and she did not preserve the issue for appeal. We address the invited error doctrine first

and rule the doctrine does not apply because Mercado did not create any error and the

doctrine does not apply to sentencing challenges.

The State of Washington contends Heather Mercado's trial counsel prepared the

statement on plea of guilty form directing the HIV testing, since the format is on

counsel's stationery. Mercado neither affirms nor denies this contention. We recognize

that the statement may be on defense counsel's stationery, but that the prosecution could

have placed the checkmark by the paragraph addressing HIV testing. We will assume,

for argument sake, however, that defense counsel struck the many inapplicable

paragraphs and checked the HIV testing paragraph.

The invited error doctrine precludes a criminal defendant from seeking appellate

review of an error she helped create, even when the alleged error involves constitutional

4

rights. *State v. Studd*, 137 Wn.2d 533, 546-47, 973 P.2d 1049 (1999); *State v. Henderson*, 114 Wn.2d 867, 870-71, 792 P.2d 514 (1990). The doctrine of invited error prohibits a party from setting up an error at trial and then complaining of it on appeal. *State v. Wakefield*, 130 Wn.2d 464, 475, 925 P.2d 183 (1996); *State v. Pam*, 101 Wn.2d 507, 511, 680 P.2d 762 (1984), *overruled on other grounds by State v. Olson*, 126 Wn.2d 315, 893 P.2d 629 (1995). To determine whether the invited error doctrine is applicable to a case, we may consider whether the petitioner affirmatively assented to the error, materially contributed to it, or benefited from it. *State v. Momah*, 167 Wn.2d 140, 154, 217 P.3d 321 (2009); *In re Pers. Restraint of Copland*, 176 Wn. App. 432, 442, 309 P.3d 626 (2013).

To be invited, the error must be the result of an affirmative, knowing, and voluntary act. *State v. Lucero*, 152 Wn. App. 287, 292, 217 P.3d 369 (2009), *rev'd on other grounds*, 168 Wn.2d 785, 230 P.3d 165 (2010). The defendant must materially contribute to the error challenged on appeal by engaging in some type of affirmative action through which he knowingly and voluntarily sets up the error. *In re Pers. Restraint of Call*, 144 Wn.2d 315, 328, 28 P.3d 709 (2001); *Wakefield*, 130 Wn.2d at 475. The State bears the burden of proof on invited error. *State v. Thomas*, 150 Wn.2d 821, 844, 83 P.3d 970 (2004).

Because of the language in her statement on plea of guilty, we conclude that Heather Mercado did not invite or create the assigned error. The relevant paragraph of

the statement read, "*If* this crime involves prostitution, or a drug offense associated with hypodermic needles, I will be required to undergo testing for human immunodeficiency (HIV/AIDS) virus." CP at 16 (emphasis added). In logic parlance, the sentence is a conditional "if-then" statement, comprised of an antecedent and consequent. The sentence does not admit that Heather Mercado's crime involves a drug offense associated with hypodermic needles. The sentence admits that, *if* the drug offense falls into the category, Mercado must undergo testing. The statement paraphrases RCW 70.24.340, but does not admit that RCW 70.24.340 applies. The checkmark does not change the conditional nature of the paragraph. Thus, the State has not proved an affirmative and knowing assent to HIV testing. Defense counsel only informed Mercado and the court of potentially applicable law.

Heather Mercado, citing *State v. Lewis*, 15 Wn. App. 172, 177, 548 P.2d 587 (1976), asserts that she received no advantage in connection with the imposition of HIV testing, and for this reason alone, the invited error doctrine cannot control. Later cases suggest that the doctrine can apply in situations when the defendant does not benefit from the error. We do not address this argument of Mercado since we otherwise reject the invited error doctrine in this appeal.

Even if Heather Mercado invited error, she can raise her assignment for the first time on appeal. Our state high court has consistently held that the fixing of legal punishments for criminal offenses is a legislative function. *State v. Ammons*, 105 Wn.2d

6

175, 180, 713 P.2d 719, 718 P.2d 796 (1986). A defendant cannot agree to punishment in excess of that which the legislature has established. *In re Pers. Restraint of West*, 154 Wn.2d 204, 214, 110 P.3d 1122 (2005); *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 873-74, 50 P.3d 618 (2002). Even where a defendant clearly invited the challenged sentence by participating in a plea agreement, to the extent that he can show that the sentencing court exceeded its statutory authority, the invited error doctrine will not preclude appellate review. *Goodwin*, 146 Wn.2d at 872. Therefore, the invited error doctrine does not apply to illegally imposed sentences, even if a defendant agrees to the sentence. *In re Pers. Restraint of Green*, 170 Wn. App. 328, 332, 283 P.3d 606 (2012). If Mercado's possession of methamphetamine is not a drug offense associated with the use of hypodermic needles, then the court exceeded its limited statutory authority to order HIV/AIDS testing.

*Preservation for Appeal*

Related to, but distinct from, the State's argument of invited error, the State also contends Heather Mercado may not raise the applicability of RCW 70.24.340 on appeal, since she did not object to the sentence below and thus did not preserve the issue for appeal. The State emphasizes that, when the trial court informed Mercado that she would be tested for HIV/AIDS, she stated she understood and did not object. We reject this second argument of the State and will reach the merits of Mercado's appeal.

Under RAP 2.5(a), an appellate court may refuse to hear a claim not preserved by objection below. Thus, in general, a party may not raise an issue for the first time on appeal that it did not raise below. *State v. Moen*, 129 Wn.2d 535, 543, 919 P.2d 69 (1996). But an unlawful sentence may be challenged for the first time on appeal. *State v. Warnock*, 174 Wn. App. 608, 611, 299 P.3d 1173 (2013); *State v. Ford*, 137 Wn.2d 472, 477, 973 P.2d 452 (1999). A justification for the rule is that it tends to bring sentences in conformity and compliance with existing sentencing statutes and avoids permitting widely varying sentences to stand for no reason other than the failure of counsel to register a proper objection in the trial court. *Ford*, 137 Wn.2d at 478; *State v. Paine*, 69 Wn. App. 873, 884, 850 P.2d 1369 (1993). Our Supreme Court has repeatedly held that the existence of an erroneous sentence requires resentencing. *Call*, 144 Wn.2d at 333; *Brooks v. Rhay*, 92 Wn.2d 876, 877, 602 P.2d 356 (1979).

*HIV Testing*

Heather Mercado's challenge to the order directing her to undergo HIV testing requires a review and interpretation of RCW 70.24.340(1)(c). The statute reads, in relevant part:

> Local health departments authorized under this chapter shall conduct or cause to be conducted pretest counseling, HIV testing, and posttest counseling of all persons:
>
> . . . .
>
> (c) Convicted of drug offenses under chapter 69.50 RCW *if the court determines at the time of conviction that the related drug offense is one associated with the use of hypodermic needles.*

8

(Emphasis added.) Subsections (a) and (b) of RCW 70.24.340 require HIV testing upon the conviction of other crimes.

As part of the public health chapter covering sexually transmitted diseases, RCW 70.24.340(1)(c) mandates HIV testing for all persons convicted of a drug offense associated with the use of a hypodermic needle. Testing is to occur soon after sentencing upon an order of the sentencing judge. RCW 70.24.340(2). All tests are to be performed by the local health department and must include both pre and posttest counseling. RCW 70.24.340.

The purpose behind RCW 70.24.340, adopted in 1988, is declared in RCW 70.24.015:

> The legislature declares that sexually transmitted diseases constitute a serious and sometimes fatal threat to the public and individual health and welfare of the people of the state. The legislature finds that the incidence of sexually transmitted diseases is rising at an alarming rate and that these diseases result in significant social, health, and economic costs, including infant and maternal mortality, temporary and lifelong disability, and premature death.
> . . . .
> It is therefore the intent of the legislature to provide a program that is sufficiently flexible to meet emerging needs, deals efficiently and effectively with reducing the incidence of sexually transmitted diseases, and provides patients with a secure knowledge that information they provide will remain private and confidential.

Heather Mercado posits that the trial court did not determine whether her possession of methamphetamine was associated with hypodermic needles. She contends

9

a finding that she used a needle when possessing the methamphetamine on May 10, 2012, is a prerequisite to an order directing HIV testing under RCW 70.24.340(1)(c). The State answers that Mercado's possession of methamphetamine is a drug offense that is associated with the use of hypodermic needles and Mercado's actual use or nonuse of a needle is irrelevant. Stated differently, the State asks us to focus on the nature of the crime charged, and Heather Mercado requests we concentrate on her manner of commission of the crime.

When interpreting a statute, our fundamental objective is to determine and give effect to the intent of the legislature. *State v. Sweany*, 174 Wn.2d 909, 914, 281 P.3d 305 (2012). When possible, we derive legislative intent solely from the plain language enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole. *State v. Evans*, 177 Wn.2d 186, 192, 298 P.3d 724 (2013).

The phrase "related drug offense" in RCW 70.24.340(1)(c) has two potential meanings, either referring to a particular defendant's specific conduct or "drug offenses under chapter 69.50 RCW" more generally. One manner of resolving the ambiguity is to ask how the legislature could have better written the statute if it intended the meaning forwarded by Heather Mercado. The most direct language would be to require "*HIV testing if the defendant, when committing the drug offense, used a hypodermic needle.*" Since the legislature used the wording, "the related drug offense is one associated with

10

the use of hypodermic needles," we could conclude that the legislature must have intended drug offenses in a general sense. Nevertheless, we may also ask how the legislature could have better written the statute if it intended the meaning advanced by the State. The most direct language would be to require HIV testing *"if the court determines at the time of the conviction that the related drug is one associated with the use of hypodermic needles."* We removed the word "offense" from the statute to arrive at the more direct language consistent with the state's interpretation. Since the statute could have been drafted better to express either intent, ruminating on redrafting provides no insight into resolving our ambiguity.

We note that the State of Washington charged Heather Mercado with possession of a controlled substance in violation of RCW 69.50.4013(1). This statute makes no mention of methamphetamine and reads, *"It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription . . . ." Id.* Thus, at least in part, a court must review the defendant's specific conduct, not simply the crime charged, in order to determine what drug she possessed, since not all controlled substances are associated with hypodermic needles.

In RCW 69.50.4013, the legislature criminalizes possession, delivery, and possession with the intent to manufacture or deliver drugs. The statute does not criminalize drug use. Neither possession nor delivery of a controlled substance is associated with hypodermic needles. Therefore, examining the defendant's specific

11

conduct is helpful in determining whether HIV testing should be ordered.

The posing of hypothetical situations that arise from the juxtaposition of RCW 70.24.340(1)(c) with 69.50.4013(1) illustrate the need to base a determination of HIV testing on the defendant's own conduct. If a defendant is convicted of delivery of a controlled substance, would it be appropriate to determine if the defendant was using drugs and the method of her use? If the defendant is convicted of being an accomplice to possession or delivery of a controlled substance, is it inevitable to look at the facts of the case rather than determine the identity of the drug in the case? If the defendant is an accomplice to a delivery or possession of methamphetamine because he served as a lookout or delivered money, did the legislature intend for the court to require the defendant to be HIV tested because the drug was methamphetamine? What if the drug is not associated with hypodermic needles, but, in a rare case before the court, the defendant absorbed the controlled substance with a hypodermic needle? Ecstasy is associated with use in pill form, but has on occasion been ingested with hypodermic needles. Did the legislature intend to withhold HIV testing in such a case because the drug Ecstasy is not associated with hypodermic needles? Or would the legislature wish HIV testing in such a case because the defendant used a hypodermic needle?

We note a distinction in subparagraph (c) from subparagraphs (a) and (b) in RCW 70.24.340:

> (1) Local health departments authorized under this chapter shall conduct or cause to be conducted pretest counseling, HIV testing, and posttest counseling of all persons:
>> (a) Convicted of a sexual offense under chapter 9A.44 RCW;
>> (b) Convicted of prostitution or offenses relating to prostitution under chapter 9A.88 RCW; or
>> (c) Convicted of drug offenses under chapter 69.50 RCW if the court determines at the time of conviction that the related drug offense is one associated with the use of hypodermic needles.

Subparagraphs (a) and (b) demand HIV testing upon the conviction of specified crimes regardless if the trial court determines the crime involved additional conduct. This distinction hints that the legislature intended more than a conviction of a particular drug offense before requiring HIV testing for the offense.

Based upon a careful reading of RCW 70.24.340, we hold that HIV testing may not be ordered unless the trial court enters a finding that the defendant used or intended use of a hypodermic needle at the time of committing the crime.

### Reimbursement of Costs

Heather Mercado asks to be reimbursed for any funds she may have expended in connection with HIV testing. We deny the request on two grounds. First, she has not presented evidence that she has complied with the HIV testing requirement or paid for any testing. Second, Mercado cites no authority that would allow this court to reimburse her for the cost of testing. We need not address arguments unsupported by citation to authority. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

13

No. 31180-5-III
*State v. Mercado*

## CONCLUSION

The trial court exceeded its statutory authority when it ordered Heather Mercado to be tested for HIV/AIDS under RCW 70.24.340, without the trial court first finding that Mercado used or intended use of a hypodermic needle at the time of committing the crime of possession of a controlled substance. We remand for a hearing on the question of whether HIV testing should be ordered consistent with the holding of this decision.

Fearing, J.

WE CONCUR:

Siddoway, C.J.

Antosz, J.P.T.

14