IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78367-0-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| AARON KHAIL KNOX, | ) ) | |
| Appellant, | ) ) | UNPUBLISHED OPINION |
| and | ) ) | FILED: March 18, 2019 |
| ROBERT WAYNE DEGRAT 4, | ) ) | |
| Defendant. | ) ) | |

PER CURIAM — Aaron Knox appeals community custody conditions imposed following his guilty plea to first degree robbery. He contends the sentencing court lacked authority to impose conditions related to mental health and education. We remand for the court to strike the challenged conditions and for further proceedings consistent with this opinion.

## FACTS

Knox pled guilty to robbery in the first degree. In the plea agreement, the State recommended a sentence range of 31 to 41 months and Knox requested an exceptional sentence of 20 months. The plea agreement set forth "an agreed recommendation that allows the defense to ask for less time than the State. Specifically, the defense is permitted to request an exceptional sentence of 20 months. The State opposes the exceptional sentence." An attached "State's

Sentence Recommendation" stated that the "length of confinement recommended" was "an agreed recommendation." The same document did not, however, mention any agreement regarding community custody conditions, stating instead that "[t]he *State* recommends" discretionary conditions. (Emphasis added). Those conditions were that Knox "[c]ommence post-secondary education or vocational classes while in DOC [Department of Corrections] custody. Commence cognitive behavioral therapy such as Dialectical Behavior Therapy while in DOC custody. Once released, obtain a mental health evaluation within 60 days of release and follow all treatment recommendations."

The court sentenced Knox to 31 months of confinement and 18 months of community custody. In addition to mandatory community custody conditions, the court ordered Knox to "commence post-secondary education or vocational classes while in DOC. Participate in cogn[i]tive behavioral therapy. Obtain a mental health evaluation and follow all treatment recommendation[s]." Knox appeals, challenging the court's discretionary community custody conditions.

## DECISION

We review community custody conditions for abuse of discretion and will reverse only if they are manifestly unreasonable. State v. Nguyen, 191 Wn.2d 671, 678, 425 P.3d 847 (2018). Knox contends the sentencing court "exceeded its authority when it required [him] to enroll in specific educational programs, receive cognitive behavioral therapy, and obtain mental health services because the conditions are not related to the charged offense of first-degree robbery."

2

The State contends Knox may not raise these challenges because he invited the errors. The invited error doctrine prohibits a party from setting up an error at trial and then complaining of it on appeal. City of Seattle v. Patu, 147 Wn.2d 717, 720, 58 P.3d 273 (2002) (citing State v. Pam, 101 Wn.2d 507, 511, 680 P.2d 762 (1984)). To be invited, the error must be the result of an affirmative, knowing, and voluntary act. State v. Lucero, 152 Wn.App. 287, 292, 217 P.3d 369 (2009), *rev'd on other grounds,* 168 Wash.2d 785, 230 P.3d 165 (2010); State v. Mercado, 181 Wn.App. 624, 630, 326 P.3d 154, 158 (2014). The State contends Knox invited the alleged errors in two ways.

First, the State contends Knox invited any error by agreeing to the community custody conditions in the plea agreement. This argument is not supported by the record. While the plea documents demonstrate a joint agreement as to the confinement time each party would recommend, they do not demonstrate an agreement regarding the conditions of community custody.

Second, the State argues that Knox invited the errors by failing to correct the court's statement during its oral ruling that the challenged community custody conditions were "jointly recommended" by the parties. These circumstances do not demonstrate the kind of *affirmative* conduct required to invoke the invited error doctrine. But even if they did, the invited error doctrine does not preclude review of an unauthorized sentence. State v. Wallin, 125 Wn.App. 648, 661–62, 105 P.3d 1037 (2005) (invited error does not empower a sentencing court to exceed its statutory authority). The State concedes that the sentencing court "did not have statutory authority to order mental health treatment without additional

facts[.]" It notes that the court could not require a mental health evaluation, mental health treatment, or cognitive behavioral therapy without a finding that Knox is a "mentally ill person" as defined in RCW 71.24.025. The State concedes "[t]here was no evidence that Knox fell within the categories included in the definition of mentally ill persons in RCW 71.24.025." Accordingly, the mental health evaluation and cognitive behavioral therapy conditions must be stricken regardless of whether the error was invited.

We reach the same conclusion with respect to the condition requiring Knox to "commence post-secondary education or vocational classes *while in [the] DOC.*" (Emphasis added). The appendix imposing the community custody conditions states that "Community Custody *shall begin upon completion of the term(s) of confinement imposed herein,* or at the time of sentencing if no term of confinement is ordered." (Emphasis added). Because Knox is confined, his community custody term will not commence until he is released. Accordingly, as written, the condition imposing educational or vocational classes exceeds the court's authority because it requires Knox to participate in the classes before his term of community custody even begins. [1] On remand, the court may consider whether a version of this condition may lawfully be applied solely to the community custody portion of Knox's sentence.

---

[1] The State's citation to RCW 9.94A.703 (2) does not alter our conclusion. That provision states that "as part of any term of community custody" offenders shall "[w]ork at department-approved education, employment, or community restitution, or any combination thereof." RCW 9.94A.703 (2) (b). Again, this statutory condition operates during community custody, while the condition at issue here purports to operate *prior* to the commencement of community custody.

Remanded for the court to strike the challenged community custody conditions and for further proceedings consistent with this opinion.

For the Court:

_Mann, ACJ_

_Schindler, J_

_Smith, J._