IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79846-4 |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHIE, ANDREW EARL, | ) | UNPUBLISHED OPINION |
| DOB: 11/15/1987, | ) | |
| | ) | |
| Appellant. | ) | |

BOWMAN, J. — A jury convicted Andrew Earl Matthie of sex crimes involving a minor. The trial court imposed a standard-range indeterminate sentence and lifetime crime-related community custody conditions, including a requirement that Matthie disclose his sex offender status prior to any sexual contact. Matthie argues this prohibition is superfluous to his other community custody conditions and therefore not necessary to accomplish the needs of the State. Because the condition serves legitimate government interests beyond those of Matthie's other community custody conditions, we affirm.

FACTS

A jury convicted Matthie of one count of first degree rape of a child and one count of first degree child molestation. The convictions arose from an incident in which Matthie sexually molested the 10-year-old daughter of his family friend and landlord. The court imposed a standard-range indeterminate sentence

Citations and pin cites are based on the Westlaw online version of the cited material.

of 93 months to life.

At sentencing, the State requested several crime-related community custody conditions designed to limit Matthie's unsupervised contact with minors. One of the conditions read:

> Do not date women nor form relationships with families who have minor children, as directed by the supervising Community Corrections Officer. Disclose sex offender status prior to any sexual contact. Sexual contact in a relationship is prohibited until the treatment provider/Community Corrections Officer approves of such.

Matthie objected to the requirement that he seek approval of the Department of Corrections (DOC) before engaging in sexual activity. Defense counsel argued:

> Mr. Matthie's going to be on lifetime supervision, so at some point, and Your Honor, it's likely he's going to complete the treatment program while at DOC, but since he's going to be on lifetime probation I think in particular considering that this offense does not involve adults, I don't believe that DOC should have the discretion for the rest of his life to tell him whether or not he can engage in sexual activity with somebody who's aware that he's a sex offender and who doesn't have minor children.

The trial court agreed with defense and did not require that Matthie seek approval by a treatment provider or DOC before sexual contact. Instead, the court ordered several lifetime community custody conditions, including that Matthie cannot "initiate or prolong contact with minor children" unless supervised by an adult with knowledge of the offense; that he cannot "date women nor form relationships with families who have minor children, as directed by the supervising Community Corrections Officer"; that he cannot "remain overnight in a residence where minor children live or are spending the night"; and that he must "[d]isclose sex offender status prior to any sexual contact."

2

ANALYSIS

Matthie challenges the community custody condition requiring him to disclose his sex offender status prior to sexual contact with adult partners. A sentencing court may impose crime-related prohibitions as conditions of community custody. RCW 9.94A.703(3)(f); State v. Padilla, 190 Wn.2d 672, 682, 416 P.3d 712 (2018). A crime-related prohibition "directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). However, "[t]here is no requirement that the condition be factually identical to the crime. If there is a reasonable basis for the condition, the court will uphold it." Padilla, 190 Wn.2d at 683.[1] We review community custody conditions for abuse of discretion and will reverse only if they are manifestly unreasonable. Padilla, 190 Wn.2d at 677. Conditions "are usually upheld if reasonably crime related." State v. Warren, 165 Wn.2d 17, 32, 195 P.3d 940 (2008). An unconstitutional condition is an abuse of discretion. Padilla, 190 Wn.2d at 677.

Community custody conditions that require an offender to speak implicate the First Amendment to the United States Constitution through the compelled speech doctrine. State v. K.H.-H., 185 Wn.2d 745, 748-49, 374 P.3d 1141 (2016). Conditions that interfere with fundamental constitutional rights must be both "reasonably necessary to accomplish the essential needs of the State" and "sensitively imposed." Warren, 165 Wn.2d at 32.

Matthie does not question the court's authority to restrict his relationships

---

[1] Citation omitted.

with adults.  See State v. Autrey, 136 Wn. App. 460, 468, 150 P.3d 580 (2006).

Nor does he dispute that the contested community custody condition is crime

related.  Instead, he argues that the requirement to disclose his sex offender

status prior to sexual contact is superfluous and, therefore, not reasonably

necessary to accomplish the needs of the State or sensitively imposed.[2]  We

disagree.

Several of Matthie's community custody conditions limit his contact with

children.  These include prohibitions on seeking employment or volunteer

positions involving minors, attending restaurants or church services that cater to

minors, and visiting parks and facilities that regularly host youth activities.  The

conditions also prohibit Matthie from remaining overnight in a residence with

minor children as well as dating women or forming relationships with families with

children.  Matthie contends these conditions that restrict his "dating and social

relationships and the places he may remain overnight . . . mean that his social

and intimate associations with other adults will never place him in proximity to

children."  But the requirement that Matthie inform his sexual partners of his

offender status serves a purpose beyond those of the other community custody

conditions.  It provides notice to potential romantic partners who do not have

---

[2] The State argues we should decline to reach this issue under the invited error doctrine. The invited error doctrine prevents a party from setting up an error at trial and then contesting it on appeal.  State v. Henderson, 114 Wn.2d 867, 870, 792 P.2d 514 (1990).  However, invited error does not preclude review where the trial court exceeded its sentencing authority:

> Even where a defendant clearly invited the challenged sentence by participating in a plea agreement, to the extent that he can show that the sentencing court exceeded its statutory authority, the invited error doctrine will not preclude appellate review.

State v. Mercado, 181 Wn. App. 624, 631, 326 P.3d 154 (2014).  Because Matthie claims the sentencing court exceeded its authority by imposing an unlawful community custody condition, we will review the claim.

children of their own but may have relationships that would provide Matthie access to minors.  For example, the disclosure requirement provides notice to partners who may be responsible for the safety of live-in or visiting minors and minors who are present in the home but not remaining overnight.  The condition is also the only affirmative requirement that Matthie put potential romantic partners on notice that they may need to take steps to protect minors in their care.  Indeed, defense counsel stressed the importance of knowledge of Matthie's sex offender status when he argued against the requirement that Matthie obtain permission from DOC prior to engaging in sexual activity.  He reasoned that DOC should not have discretion to tell Matthie "whether or not he can engage in sexual activity with somebody who's aware that he's a sex offender and who doesn't have minor children."

The requirement that Matthie inform potential romantic partners of his offender status was not superfluous, was reasonably necessary to accomplish the legitimate state interest of preventing sex offenses against minors, and was sensitively imposed.  The community custody condition is affirmed.

Bowman, J

WE CONCUR:

Appelwick, J.