COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37901-9-III |
| | ) | (Consolidated with |
| Respondent, | ) | No. 37902-7-III and |
| | ) | No. 37903-5-III) |
| v. | ) | |
| | ) | |
| JOSEPH K. WILSON, | ) | ORDER AMENDING |
| | ) | OPINION FILED |
| Appellant. | ) | APRIL 28, 2022 |

IT IS ORDERED that the opinion filed on April 28, 2022, is amended to include

the consolidated case numbers of 37902-7-III and 37903-5-III in the caption and header

for the remainder of the opinion.

PANEL: Szambelan Pro Tem, Pennell, Lawrence-Berrey

FOR THE COURT:



REBECCA PENNELL
Acting Chief Judge



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37901-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH K. WILSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

Szambelan, J.[*] — Joseph Wilson asserts that his trial date violated his right to

speedy disposition under the intrastate detainer act[1] (IDA). The dispositive issue

involves whether he waived this right before the 120-day time period expired. We

conclude that Wilson waived his right to a speedy disposition. His trial date was timely

and the trial court's denial of his motion to dismiss is affirmed and remanded for

proceedings consistent with this opinion.

## FACTS

On June 29, 2017, in Columbia County Superior Court, the State filed an

information that charged Joseph Wilson with harassment, attempted residential burglary,

---

[*] Judge Shelley D. Szambelan is serving as judge pro tempore of the Court of
Appeals pursuant to RCW 2.06.150.

[1] Chapter 9.98 RCW.

and malicious mischief in the third degree.  The court arraigned him on July 26, 2017, and he pleaded not guilty.  From his arraignment to when he served the State with his statutory request for a speedy disposition on May 17, 2019, there were numerous delays and resetting of his trial date for a variety of reasons that are not at issue.

On February 20, 2019, the court scheduled trial for May 2019, and pre-trial motions on April 17, 2019.  The State appeared for pre-trial motions on April 17, 2019.  However, Wilson and his attorney, Jane Richards, were not present.  The State informed the court that Wilson sent letters to the prosecutor stating that he fired Ms. Richards.  Wilson was incarcerated at the Airway Heights Corrections Center.  The State requested and received a bench warrant.  The court struck the trial date.

On May 10, 2019, Mr. Wilson filed motions to (1) quash his bench warrant, (2) change venue, and (3) recuse the assigned judicial officer, Court Commissioner G. Scott Marinella, for a conflict of interest.  This motion was not resolved by May 17, 2019, when the State received Wilson's "Request for Speedy Disposition," under RCW 9.98.010.

On June 5, 2019, the court allowed Wilson's defense counsel, Ms. Richards, to withdraw, and appointed him a new attorney, Julie Karl, without objection from Wilson.  On that date, Ms. Karl asked for the case to be continued until July 3, 2019, so she could familiarize herself with Wilson's case after having just been appointed.  The trial court granted this continuance with the acquiescence of all parties.  The parties appeared before

Commissioner Marinella in Superior Court on July 3, 2019. Commissioner Marinella

acknowledged receiving Wilson's motions that sought to quash the bench warrant, move

venue, and recuse himself due to a conflict of interest. Wilson alleged in his recusal

motion that he felt Commissioner Marinella could not be fair and impartial. Given

Wilson's motion for recusal, Commissioner Marinella stated that he was unable to rule on

Wilson's cases. The trial court set the next hearing with a new judge for July 24, 2019.

Wilson agreed and did not object.

On July 24, 2019, the State discussed Wilson's speedy disposition motion and

requested a trial date, which was ultimately not set. With Wilson's agreement, Ms. Karl

moved to withdraw from representation due to her previous advocacy for the victim as a

conflict. The court then appointed Vic Bottomly to represent Wilson, without objection.

After some discussion attempting to set a trial date, the trial court set a status review

hearing for August 7, 2019.

At the August 7, 2019 status review hearing, the State requested to set a trial date.

Mr. Bottomly stated that he needed time to discuss the case with Wilson. Mr. Bottomly

stated Wilson "might be willing to drop the speedy disposition [motion] if we can get a

trial date shortly after his release," which was scheduled for October 7. Report of

Proceedings (RP) at 122. Wilson then stated, "Yes. I'm–I'm requesting to drop–or

actually I'm willing to drop the speedy disposition." RP at 122. Wilson continued:

3

So, in all fairness, you know, seeing as how you just got appointed, you know, with–with the hectic things going on, I'm requesting no–that this be put out into October, maybe into November, you know, after my release, considering my circumstances that I've got going on now.

RP at 123. Mr. Bottomly agreed and requested a continuance to set a trial date. RP at 123. The court scheduled trial on October 21, 2019. Wilson reiterated,

So, I mean, I'm going to be in the community working. That's why–I requested, you know, potential willingness to drop that speedy disposition and have this put out, you know, past my release date of October 7th, you know, maybe into November. You know, that way I could finish this sentence and not have to worry about–you know, all the other stuff–if anybody can understand that.

RP at 125. He later stated, "So, yeah, I–I would like to get this continued out as—as far as possible." RP at 127. Following these statements and a discussion on the availability of the parties, trial was set for October 21, 2019.

Between October 2019 and August 2020, Wilson failed to appear at several scheduled hearings, and otherwise requested the matter be continued. On September 16, 2020, Wilson filed a motion to dismiss on the grounds that between May 17, 2019, and October 22, 2019, his right to speedy disposition was violated. On November 18, 2020, the trial court entered the following findings of fact (FOF) and conclusions of law (COL) relevant to this appeal:

- FOF 1.26, on April 17, 2019, the Defendant failed to appear for pretrial readiness hearing, and the trial was struck. The Court issued a bench warrant at the State's request in the amount of $20,000 cash or surety.

4

- FOF 1.27, on May 15, 2019, the Defendant filed a motion to quash the bench warrant, a motion for disqualification of judge in this matter, and a motion for change of venue.
- FOF 1.28, defendant's "Request for Speedy Disposition" under RCW 9.98.010 was received by the State on May 17, 2019.
- FOF 1.29, defendant's "Request for Speedy Disposition" was filed with the Court on May 20, 2019.
- FOF 1.30, at a hearing on June 5, 2019, defense counsel was allowed to withdraw, and a new attorney was appointed.
- FOF 1.31, on July 3, 2019, the defense filed a motion to recuse Commissioner Marinella for a conflict of interest, and the matter was continued to July 24, 2019, to allow the Court to secure the services of another judge. Wilson contests this finding for purposes of this appeal.
- FOF 1.32, on July 24, 2019, defense counsel was allowed to withdraw, and a new attorney was appointed. Defendant was released from custody on this matter. Wilson contests this finding for purposes of this appeal.
- FOF 1.33, on August 7, 2019, trial was set in this matter for October 21, 2019. The Defendant entered no objection to this trial date. The Court minutes do not indicate a continuance was requested but does note that defense would supplement the record with a waiver of speedy trial.
- FOF 1.34, on October 7, 2019, the Defendant was released from DOC incarceration.
- FOF 1.35, on October 9, 2019, the Defendant requested that the trial be struck. The Court reset trial in this matter for November 5, 2019. The Defendant did not object to this trial date. FOF 1.36, on October 30, 2019, the Defendant failed to appear for pretrial readiness hearing in this matter. The trial date was struck, and a waiver of speedy trial was filed through February 28, 2020. Trial was set in this matter for February 20, 2020, and the Defendant entered no objection to this trial date.
- COL 2.1, the Defendant's Request for Speedy Disposition pursuant to RCW 9.98.010 and .020 was properly filed and served upon the Prosecuting Attorney.
- COL 2.2, the time for the State to bring the Defendant to trial under RCW 9.98.010 began to run on May 17, 2019, the date on which the State received the request.
- COL 2.3, once the State received the request, it had 120 days to bring the Defendant to trial.

- COL 2.4, the 120-day time limit may be extended for good cause shown, per RCW 9.98.020. *State v. Johnson*, 79 Wn.2d 173, 177, 483 P.2d 1261 (1971).
- COL 2.5, when a defendant affirmatively works to delay his own trial by requesting a continuance or other relief that necessarily delays trial, he extends the time period in which the State must bring his case to trial, pursuant to the holding in *Johnson*.
- COL 2.6, when the Defendant files a waiver of speedy trial, he extends the time period in which the State must bring his case to trial.
- COL 2.7, when the Defendant fails to appear and occasions the rescheduling of hearings and trial, he extends the time period in which the State must bring his case to trial.

Clerk's Papers (CP) at 18-25.

In addition to contesting FOF 1.27, 1.31-1.32 as specified above, Wilson further contests the following COL 2.8-2.14 entered by the trial court.

- COL 2.8, when the Defendant requests a change of counsel or disqualification of judge, he extends the time period in which the State must bring his case to trial.
- COL 2.9, the change of counsel on July 24, 2019, and the reference to a waiver of speedy trial in the Court minutes for the hearing on August 7, 2019, constitute good cause continuances for the purposes of RCW 9.98.020.
- COL 2.10, if trial is set at the convenience of the Court and Parties outside of the 120-day time limit, and the Defendant files no objection, the new end-date becomes the date of the trial or the time specified in the waiver of speedy trial.
- COL 2.11, the Defendant's requests for continuance, failures to appear, waivers of speedy trial, and requests to strike and reset trial dates were all affirmative acts by the Defendant which extended the time in which the State was required to try him.
- COL 2.12, the acts of the Defendant which delayed trial are excluded periods which should be calculated pursuant to CrR 3.3.

- COL 2.13, at no time during the pendency of the Defendant's Request for Speedy Disposition did the 120 days, excluding periods of delay due to the Defendant's own actions, run out.
- COL 2.14, the State has not failed its burden to try this matter within 120 days, because of the Defendant's own actions that have delayed trial, and the Defendant may not rely on his own actions to fault the State for failing to bring the case to trial within 120 days.

CP at 18-25.

The remaining COL are uncontested. COL 2.15, the orders of the Supreme Court excluding time from calculation of speedy trial also apply to the Request for Speedy Disposition, because holding a trial was not possible under the Supreme Court orders. COL 2.16, once the Defendant was released from custody of DOC, he was no longer "incarcerated in a correctional or penal institution within the State," and the terms of RCW 9.98.010 and .020 no longer applied.

On January 27, 2021, this Court granted Wilson's timely December 9, 2020 request for interlocutory discretionary review of the November 18, 2020, trial court's findings. This was expressly granted to "resolve whether a continuance under RCW 9.98.010(1) requires an actual motion and finding of good cause or may be implied from various acts of a defendant that delay trial." CP at 111.

## ANALYSIS

Questions of statutory interpretation are questions of law reviewed de novo. *State v. Ervin*, 169 Wn.2d 815, 820, 239 P.3d 354 (2010). "The purpose of statutory interpretation is 'to determine and give effect to the intent of the legislature.'" *State v.*

7

*Evans*, 177 Wn.2d 186, 192, 298 P.3d 724 (2013) (quoting *State v. Sweany*, 174 Wn.2d 909, 914, 281 P.3d 305 (2012)). "When possible, we derive legislative intent solely from the plain language enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole." *Id*. "If more than one interpretation of the plain language is reasonable, the statute is ambiguous, and we must then engage in statutory construction." *Id.* at 192-93.

"The IDA gives Washington State prisoners [incarcerated in a correctional or penal institution within the State] the right to request a trial on untried charges within 120 days of the [prosecution receiving the] request." *State v. Peeler*, 183 Wn.2d 169, 176, 349 P.3d 842 (2015) (citing *State v. Morris*, 126 Wn.2d 306, 310, 892 P.2d 734 (1995); RCW 9.98.010(1)). The prosecutor is responsible under the interstate agreement on detainers (IAD) to ensure that defendants are timely brought to trial. *Peeler*, 183 Wn.2d at 177. This statute specifies that the prosecutor's and the superior court's actual receipt of the request triggers the 120-day time limit. *Morris*, 126 Wn.2d at 313; RCW 9.98.010(1), (2)). "[I]f the State fails to bring the prisoner to trial within 120 days" from the date the prosecutor and the superior court "received the final disposition request, 'no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect, and the court shall

8

enter an order dismissing the same with prejudice.'" *Peeler*, 183 Wn.2d at 177 (quoting

RCW 9.98.020).

Like most of a criminal defendant's basic rights, however, a prisoner's right to a

speedy disposition may be waived. *United States v. Mezzanatto*, 513 U.S. 196, 200-01,

115 S. Ct. 797, 130 L. Ed. 2d 697 (1995); *Peretz v. United States*, 501 U.S. 923, 936, 111

S. Ct. 2661, 115 L. Ed. 2d 808 (1991). Specifically, in *New York v. Hill*, 528 U.S. 110,

120 S. Ct. 659, 145 L. Ed. 2d 560 (2000), the United States Supreme Court held that

defense counsel's agreement to a later trial date waived the defendant's speedy

disposition rights under the IAD. Wilson tried to distinguish *Hill* because that defense

counsel was able to meet with their client several times before agreeing to a date outside

the applicable 120-day range. Reply Br. of Petitioner at 3. However, this was not a

dispositive factor in the Court's ruling in *Hill*. *See Hill*, 528 U.S. at 114-16.

Wilson also questioned whether waiving speedy disposition fell within a decision

that belonged to the client or the attorney. Here, however, the statements of both Wilson

and his attorney on August 7, 2019 constituted a waiver of Wilson's request for speedy

disposition.

The IDA also provides when "good cause[is] <u>shown</u> in open court, with the person

or his <u>or</u> her counsel having the right to be present, the court having jurisdiction of the

<u>matter may grant any necessary or reasonable continuance</u>." RCW 9.98.010(3)

(emphasis added). Here, the trial court concluded how "when a defendant affirmatively

works to delay his own trial <u>by requesting a continuance or other relief that necessarily</u> <u>delays trial</u>, he extends the time period in which the State must bring his case to trial, pursuant to the holding in *Johnson*."  CP at 23 (emphasis added); *see Johnson*, 79 Wn.2d at 177.  Wilson did not contest this conclusion.

In *Johnson*, the defendant moved for a continuance on the ground that the testimony of his codefendant, who appeared at the time incompetent to stand trial, was necessary for his defense.  *Johnson*, 79 Wn.2d at 176.  The Court reasoned how "[t]he continuance having been granted on the basis of the defendant's own request, he cannot now assert it was not granted for good cause, or that it was not necessary or reasonable." *Id*. at 177.  Accordingly, under *Johnson*, the appellate court will infer that a continuance sought and obtained by the defense constitutes "good cause" to toll the 120-day speedy disposition clock under the IDA.  *Id*.

In *Hill*, the United States Supreme Court analyzed the "good cause" provision in the IAD, which contained the same language as the "good cause" provision in Washington's Intrastate Detainers Act.  *Hill*, 528 U.S. at 115.  The IAD provision at issue stated, "'for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.'"  *Hill*, 528 U.S. at 112 (quoting *Fex v. Michigan*, 507 U.S. 43, 44, 113 S. Ct. 1085, 122 L. Ed. 2d 406 (1993)); *compare* RCW 9.98.010.  The Court also recognized how the approach suggested by Hill, which Wilson similarly suggests,

is an approach that would "enable defendants to escape justice by willingly accepting treatment inconsistent with the IAD's time limits, and then recanting later on." 528 U.S. at 118. Indeed, to hold otherwise would allow a defendant to invite error and benefit from it. The doctrine of invited error prevents Wilson from seeking appellate review of an error he helped create, even if the alleged error involves constitutional rights. *State v. Mercado,* 181 Wn. App. 624, 629, 326 P.3d 154 (2014) (citing *State v. Studd*, 137 Wn.2d 533, 546-47, 973 P.2d 1049 (1999)).

As here, the defendant in *Hill* argued that by explicitly providing the grant of good-cause continuances, the IAD sought to limit the situations in which delay is permitted. *Hill*, 528 U.S. at 116. The United States Supreme Court rejected that interpretation and found that by allowing trial courts to grant good-cause continuances when either "prisoner or his counsel" is present "suggests that [the provision in the IAD] is directed primarily, if not indeed exclusively, to prosecution requests that have not explicitly been agreed to by the defense." *Hill*, 528 U.S. at 116.

In sum, good cause was shown in open court when Wilson did not object to Ms. Richards' June 5, 2019 withdrawal at his request; the court's July 3, 2019 continuance without objection on Wilson's motion to recuse the assigned judicial officer; his subsequent counsel's withdrawal on July 24, 2019 and appointment of new counsel without objection; and Wilson and his new attorney's request for continuance on August

No. 37901-9-III
*State v. Wilson*

7, 2019 when the State again requested a trial date.[2]  Furthermore, Wilson said that he would drop his speedy disposition request if the trial date was set shortly after his release from prison, which was scheduled for October 7, 2019, and trial was set for October 21, 2019.  Each constitutes a request by the defense for a continuance or other relief that necessarily delays trial and good cause for continuance as under the IDA and waived his right to a speedy disposition.  The trial court's denial of Wilson's motion to dismiss is affirmed and remanded for proceedings consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Szambelan, J.P.T.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Pennell, J.

---

[2] RCW 9.98.010(3); *Johnson*, 79 Wn.2d at 177.

12