IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38866-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEREMEY DOUGLAS PEDERSEN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Jeremy Pedersen appeals from his resentencing. He argues that the trial court abused its discretion in imposing the same sentence despite the reduction in his offender score pursuant to *State v. Blake*[1] and that the trial court's deference to the previous sentencing court's decision violated the appearance of fairness doctrine. He also requests remand to correct a scrivener's errors in his judgment and sentence. We disagree with his arguments regarding the length of his sentence but remand for correction of scrivener's errors.

## BACKGROUND

A jury found Pedersen guilty of first degree child rape and also found aggravating circumstances because the victim was particularly vulnerable and Pedersen had used his position of trust.

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

Sentencing was held in front of the same judge who had overseen Pedersen's trial, Hon. Lesley Allan. At sentencing, the trial court determined that Pedersen's offender score was 9+ and his standard range sentence was 240 to 318 months to life. This calculation was based, in part, on a prior conviction for possession of a controlled substance. However, based on the jury's finding of aggravating circumstances, the trial court added 24 months to the high end of the standard range and imposed an exceptional sentence of 342 months to life.

Pedersen appealed his sentence, and we determined that his offender score at sentencing had been enhanced by a prior conviction for possession of a controlled substance. Therefore, his case was remanded for resentencing under *Blake*. *Id*.

Pedersen's resentencing occurred in front of a different judge, Hon. Travis Brandt. At resentencing, the State read the victim's impact statement to demonstrate how Pedersen's crime continued to detrimentally affect the victim's life. The State requested that the trial court impose the same sentence, maintaining that the single possession charge that had been voided "would not have carried nearly as much weight, to Judge Allan, as the impact of what occurred on [the victim]." Rep. of Proc. (RP) at 6.

Defense counsel also argued that the trial court should follow Judge Allan's prior sentencing decision but offered a different interpretation of Judge Allan's decision. Defense counsel maintained that Judge Allan added 24 months for the aggravating factors to the high end of the standard range:

I don't think that Judge Allan just came up with the figure of 342, out of her head. I think she thought, Okay, here's his maximum, and then she added 24 months, on top of that.

I think that was her thought process, and I think that's what the Court should apply, in this case, since the Court wasn't the—the trial court judge, like Judge Allan was, so the Court didn't see everything that went on, like Judge Allan did.

So I think that was her thought process. Just the high end of the standard range, and, then, add 24 months on, for the extravagant circumstances that were found by the jury in this case. I think that's what the Court should do.

RP at 8.

After hearing argument, the trial court imposed the same sentence, stating it did not think that removal of the possession conviction would have impacted Pedersen's sentence:

The Court agrees with the State, that having one less possession on your record, I don't think necessarily would have altered Judge Allan's thought process. The Court does not want to alter the trial court's decision to impose [a] sentence in this case as an exceptional high.

As [the State] indicated, the jury did make those two special findings in this case, of aggravating factors; so the Court is going to leave the sentence at 342 months, as an exceptional-high sentence, above the standard range of 209 to 277.

RP at 9.

The criminal history findings in the judgment and sentence included a prior juvenile conviction for second degree burglary in Spokane. However, the State had noted during the first sentencing hearing that it had only been able to verify the juvenile

3

convictions from Chelan County. The judgment and sentence also stated that Pedersen's offender score was 12 and the seriousness level of his crime was 8.

Pedersen appeals.

ANALYSIS

1. RESENTENCING UNDER BLAKE

Pedersen argues that the trial court abused its discretion in imposing the same sentence on remand despite his reduced offender score. We disagree.

We review excessive exceptional sentences for an abuse of discretion. *State v. Jeannotte*, 133 Wn.2d 847, 857-58, 947 P.2d 1192 (1997). A trial court abuses its discretion if its decision is one that no reasonable person would have taken. *Id.* at 858.

To reverse an exceptional sentence, we must find:

> (a) Either that the reasons supplied by the sentencing court are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard sentence range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient.

RCW 9.94A.585(4).

Pedersen argues that the trial court's decision to impose the same sentence on remand was inconsistent with *Blake*. He claims that, under *Blake*, he is entitled to a lower sentence because his offender score was lowered. However, "[n]othing in the SRA[2] or our case law indicates that a person's exceptional sentence must necessarily be

---

[2] Sentencing Reform Act of 1981, ch. 9.94A RCW.

4

reduced based on a recalculation of an offender score." *State v. Barberio*, 66 Wn. App. 902, 907, 833 P.2d 459 (1992). Thus, we disagree with this argument.

Pedersen also contends that the trial court did not make its own decision regarding sentencing but simply reimposed the same sentence based on Judge Allan's prior determination. This, he argues, violated *Blake* because the first sentencing included a prior conviction for possession of a controlled substance. However, review of the record reveals that defense counsel actually requested that the trial court defer to Judge Allan's decision and reimpose the same sentence of the high end of the standard range plus 24 months. Accordingly, Pedersen is precluded from raising the issue on appeal under the invited error doctrine. *See State v. Mercado*, 181 Wn. App. 624, 630, 326 P.3d 154 (2014) ("The doctrine of invited error prohibits a party from setting up an error . . . and then complaining of it on appeal.").

Moreover, even if the issue had not been waived under the invited error doctrine, the trial court did not abuse its discretion. The trial court listened to the State and Pedersen's arguments and determined that the reduction in the offender score did not warrant a reduction in his sentence. It determined that the removal of the prior possession conviction had no real impact on its sentencing decision. The trial court also considered Judge Allan's previous sentencing decision as she had overseen Pedersen's trial. Although it is evident that the trial court gave weight to Judge Allan's previous decision, the record establishes that the trial court also considered arguments from both

parties and the aggravating factors in making its own decision.[3]  Accordingly, the trial

court did not abuse its discretion in reimposing a sentence of 342 months.

2.       APPEARANCE OF FAIRNESS DOCTRINE

Pedersen also argues that the trial court's deference to Judge Allan's prior decision

violated the appearance of fairness doctrine.  We disagree.

"Under the appearance of fairness doctrine, this court has required that the

decisionmaking process 'not only [be] fair in substance, but fair in appearance as well.'"

*Harris v. Hornbaker*, 98 Wn.2d 650, 658, 658 P.2d 1219 (1983) (quoting *Smith v. Skagit*

*County*, 75 Wn.2d 715, 739, 453 P.2d 832 (1969)).  This doctrine requires that judges

recuse themselves where the facts suggest actual or potential bias.  *Tatham v. Rogers*, 170

Wn. App. 76, 93, 283 P.3d 583 (2012).

"A judicial proceeding satisfies the appearance of fairness doctrine only if a

reasonably prudent and disinterested person would conclude that all parties obtained a

fair, impartial, and neutral hearing."  *Id*. at 96.  "'The test for determining whether the

judge's impartiality might reasonably be questioned is an objective test that assumes that

a reasonable person knows and understands all the relevant facts.'"  *Id.* (quoting

---

[3] Pedersen appears to be claiming that the trial court's simple consideration of Judge Allan's decision was an abuse of discretion.  However, he fails to provide any legal authority to support this argument.  Accordingly, we disregard this argument.  *See* RAP 10.3(a); *Regan v. McLachlan*, 163 Wn. App. 171, 178, 257 P.3d 1122 (2011) ("We will not address issues raised without proper citation to legal authority.").

*Sherman v. State*, 128 Wn.2d 164, 206, 905 P.2d 355 (1995)) (internal quotation marks omitted). A party asserting bias on the part of the trial court bears the burden of producing sufficient evidence to demonstrate bias; mere speculation is insufficient. *Tatham*, 170 Wn. App. at 96.

Pedersen fails to explain how a reasonable person, knowing all the relevant facts, would determine that Judge Brandt was actually or potentially biased. Pedersen argues that Judge Brandt's consideration of Judge Allan's decision establishes bias toward that decision. Again, any error in the trial court's reliance on Judge Allan's decision was invited error and therefore waived. *See Mercado*, 181 Wn. App. at 630. Additionally, as explained above, although the trial court gave weight to the previous decision, it also considered the arguments of the parties and the aggravating factors in making its decision. Accordingly, Pedersen's appearance of fairness argument fails.

3.     SCRIVENER'S ERRORS

Pedersen's judgment and sentence erroneously transposed his offender score (8) and the seriousness level of his offense (12). Additionally, the criminal history on the judgment and sentence included a prior conviction for second degree burglary, despite the State acknowledging it could not confirm the offense.[4] Pedersen requests this court

---

[4] Although the judgment and sentence contained these errors, the trial court based Pedersen's sentence on the correct offender score of eight and standard range of 209-277 months. *See* RP 7-10.

remand for the trial court to correct these scrivener's errors. The State maintains that a judgment and sentence filed in May 2022 corrected the error that transposed the numbers but concedes that the second degree burglary conviction should be removed.

The corrected judgment and sentence the State refers to still contains the transposition error. CP at 37. And the record clearly reflects that Pedersen's offender score was an 8 and that the State was unable to confirm the second degree burglary conviction. Accordingly, we remand for the trial court to correct both scrivener's errors.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Pennell, J.