IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38881-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RASHAD J. BECKHAM, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Rashad Beckham successfully moved the trial

court to dismiss his pending charges without prejudice based on a substantive due process

violation. He appealed, and argues the trial court erred by not dismissing the charges with

prejudice. There are multiple reasons for us to decline to review Mr. Beckham's

arguments. We rely on invited error.

FACTS

On June 30, 2020, the State charged Rashad Beckham with assault in the second

degree stemming from an altercation with a motel employee. On December 30, 2020, the

State charged Mr. Beckham by amended information with two counts of assault in the

third degree stemming from an altercation with medical staff at Eastern State Hospital, where he resided for competency treatment.

Mr. Beckham's cases incurred over a dozen delays as they proceeded toward trial, all of which related to evaluating the defendant's competency or administering competency restoration treatment. Throughout this process, Mr. Beckham was detained either in jail or at Eastern State Hospital.

On April 6, 2022, Mr. Beckham moved to dismiss his charges without prejudice, arguing the failure of Eastern State Hospital to admit him in March 2022 violated his substantive due process rights under the Fourteenth Amendment to the United States Constitution. Neither Mr. Beckham's memorandum in support of his motion to dismiss nor his remarks at oral argument raised a rule-based or constitutional speedy trial violation. Indeed, Mr. Beckham argued to the court that the right to a speedy trial was "a different situation than we're dealing with here." Rep. of Proc. (Feb. 18, 2022 & Apr. 14, 2022) at 9.

On April 18, 2022, the court granted Mr. Beckham's motion to dismiss without prejudice. Despite prevailing on his motion, Mr. Beckham appealed the trial court's order.

No. 38881-6-III
*State v. Beckham*


ANALYSIS

REVIEWABILITY

The State contends Mr. Beckham's appeal is not reviewable because (1) he invited

the error he now complains of, (2) he won his motion so he is not an aggrieved party,

(3) he did not raise or preserve his rule-based speedy trial challenge, and (4) he did not

raise or preserve his constitutional speedy trial challenge, and the error was not manifest.

We agree with all four arguments, but for sake of brevity will discuss only one.

*Invited error*

Under the invited error doctrine, "a party who sets up an error at trial cannot claim

that very action as error on appeal." *State v. Momah*, 167 Wn.2d 140, 153, 217 P.3d 321

(2009). An error is invited when the party "affirmatively assent[s] to the error, materially

contribute[s] to it, or benefit[s] from it." *State v. Mercado*, 181 Wn. App. 624, 630, 326

P.3d 154 (2014). Invited errors are unreviewable even when they implicate constitutional

rights. *State v. Carson*, 179 Wn. App. 961, 973, 320 P.3d 185 (2014), *aff'd*, 184 Wn.2d

207, 357 P.3d 1064 (2015).

Here, Mr. Beckham affirmatively assented to the trial court's dismissal without

prejudice by filing a motion seeking such dismissal. He materially contributed to the

dismissal without prejudice by arguing in its favor, both in a memorandum supporting his

3

motion and at oral argument. Finally, he benefited from the dismissal because the court relieved him of three pending felony charges.

Accordingly, any error by the trial court in dismissing Mr. Beckham's charges without prejudice was invited. Therefore, we decline to review his arguments.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____
Pennell, J.

_____
Staab, J.

4